**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NEW GEORGIA PROJECT and A. PHILLIP RANDOLPH INSTITUTE, *Plaintiffs*, v. BRAD RAFFENSBERGER, in his official capacity as Georgia Secretary of State, et al., *Defendants*. | No. 1:24-cv-03412 |

## REPLY IN SUPPORT OF MOTION TO INTERVENE

This Court did not abuse its discretion the countless times it has allowed the Republican Party to intervene in cases affecting upcoming elections. *See* Mot. (Doc. 64) at 1-2 & n.1. Plaintiffs don't argue otherwise. And they are no strangers to those cases. *E.g.*, *New Ga. Project v. Raffensperger*, Doc. 39, No. 1:21-cv-1333 (N.D. Ga. June 4, 2021) (granting intervention to the RNC and GAGOP). Plaintiffs don't even cite a court in this *Circuit* that has ever denied a political party's motion to intervene in an election case. Instead, they rely almost entirely on cases from "elsewhere" that denied intervention motions. Opp. (Doc. 93) at 2 n.1. But unlike those courts, courts in "this Circuit" do not apply a "heightened standard to motions to intervene." *Greene v. Raffensperger*, 2022 WL 1045967, at *3 (N.D. Ga. Apr. 7, 2022).

The two in-Circuit Alabama cases Plaintiffs cite don't even support their arguments. One of those cases denied individual Democratic officials' motions to intervene because they were "not timely." *United States v. Alabama*, 2006

WL 2290726, at *9 (M.D. Ala. Aug. 8, 2006). But Plaintiffs here don't dispute timeliness. The other case denied an individual legislators' motion to intervene as the "author" of a redistricting plan that was challenged. *Chestnut v. Merrill*, 2018 WL 9439672, at *1 (N.D. Ala. Oct. 16, 2018). The court ruled that while the legislator might have "knowledge of the plan, he has no *claim nor defense* in this action." *Id.* But Plaintiffs don't dispute that Movants share a claim or defense with this case. *See* Opp. 18-19. Those two cases—the only two that Plaintiffs found in this Circuit—support Movants' intervention.

Plaintiffs try to avoid this Court's uniform precedent by arguing that the Court should hold the intervention motion in abeyance. But they cite no case in which any court took that route, election-related or otherwise. The lack of authority for their novel request is unsurprising, since the timeliness of the motion is a factor that weighs in favor of *granting* intervention. And in fast-moving election cases often decided on preliminary injunctions and consent decrees, timeliness is critical. *See, e.g.*, *Pearson v. Kemp*, Doc. 42, No. 1:20-cv-4809 (N.D. Ga. Dec. 3, 2020) (granting Democratic Committees' motion to intervene filed five days after the complaint and well before any defendant answered the complaint). The Court should once again allow the Republican Party to intervene in this important case to defend its interests in the upcoming election.

## ARGUMENT

### I. Plaintiffs provide no legitimate reason why permissive intervention would be inappropriate.

Plaintiffs point out that this Court often grants political parties permissive intervention under Rule 24(b) without deciding intervention as of right

2

under Rule 24(a). Opp. 10-11 n.3. That's true, and it's often "the most prudent and efficient course" to resolving intervention. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. United States*, 2002 WL 32350046, *3 (W.D. Wis. Nov. 20, 2002). Although Movants maintain they have a right to intervene under Rule 24(a), they do not object to the Court granting permissive intervention without deciding intervention as of right, as this Court has done many times before. *See* Opp. 10-11 n.3. Plaintiffs don't dispute that Movants meet the requirements for permissive intervention: Movants have "a claim or defense that shares" a "common question" with this lawsuit, so permissive intervention is appropriate. Fed. R. Civ. P. 24(b). And Plaintiffs' fears of delay are unfounded for at least four reasons.

First, that Plaintiffs concede Movants filed their motion early hollows out their claims of delay. "[A]llowing intervention by Movants will not unduly delay or prejudice the adjudication of [Plaintiffs'] claims" when the "litigation is in a relatively nascent stage and none of the deadlines" in the Court's scheduling order have passed. *Ga. Aquarium, Inc. v. Pritzker*, 309 F.R.D. 680, 691 (N.D. Ga. 2014). Here, the Court hasn't even issued a scheduling order, and no party has filed substantive motions. *See Greene*, 2022 WL 1045967, at *5 (granting permissive intervention and distinguishing case in which the "motions then pending before the court had already been briefed"). This Court has thus granted the RNC and GAGOP's motion to intervene filed "a mere three days after Plaintiffs filed the lawsuit," holding that "because this case is still in its infancy, the Court finds that including Proposed Intervenors will not stall this litigation or unduly burden Plaintiffs in their effort to prove their case."

3

*Black Voters Matter Fund v. Raffensperger*, Doc. 42 at 6, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020). Plaintiffs' timeliness concessions undermine their evidence-less claims of delay.

Second, Movants' participation will assist the Court, not burden it. In their motion, Movants promised that they "will comply with all deadlines that govern the parties, will work to prevent duplicative briefing, and will coordinate with the parties on discovery." Mot. 5. Plaintiffs ignore that assurance, but it "is a promise" that undermines claims of undue delay. *Emerson Hall Assocs., L.P. v. Travelers Cas. Ins. Co. of Am.*, 2016 WL 223794, at *2 (W.D. Wis. Jan. 19, 2016). As Plaintiffs know from their other cases, Movants join the other defendants' filings where possible. *See, e.g.*, *VoteAmerica v. Raffensperger*, Doc. 151, 1:21-cv-1390 (N.D. Ga. December 13, 2022) ("Consistent with their pledge to 'work to prevent duplicative briefing,' Intervenor-Defendants join the State's filings [on summary judgment].").

Similarly, the Court need not consider whether Movants will make "truly unique" arguments, Opp. 21, or whether the State adequately represents Movants' interests, Opp. 19-20, as Plaintiffs argue. This Court rejected that argument when it allowed the RNC and GAGOP to intervene in another case: "Plaintiffs' argument that Proposed Intervenors have no legitimate interest that is not already adequately defended does not counsel against granting permissive intervention because Rule 24(b) does not have the same inadequate representation requirements that Rule 24(a)(2) does." *Black Voters Matter Fund*, Doc. 42 at 5, No. 1:20-cv-4869; *see also Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 801 n.4 (7th Cir. 2019) (Permissive intervention "does

4

not require the [proposed intervenor] to demonstrate that its interests are inadequately represented under any standard.").

Third, Plaintiffs' only real concerns are the routine practice of litigation. But Rule 24 considers only "whether the intervention will *unduly* delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3) (emphasis added). "'Undue' means not normal or appropriate. *Appleton v. Comm'r*, 430 F. App'x 135, 138 (3d Cir. 2011) (quoting Webster's II New Riverside University Dictionary 1259 (1988)). Although "any introduction of an [intervenor] … will inevitably cause some 'delay,'" that kind of ordinary delay is irrelevant. *Id.* And Plaintiffs have provided no legitimate reason why any potential delay would be "undu[e]." Fed. R. Civ. P. 24(b)(3).

Fourth, Plaintiffs argue that they would be prejudiced by having to argue against "affirmative defense[s]" raised by Movants. Opp. 22. But Plaintiffs "can hardly be said to be prejudiced by having to prove a lawsuit [they] chose to initiate." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). That Plaintiffs' requested relief might be foreclosed by the *Purcell* principle has nothing to do with the timing of Movants' intervention and everything to do with the timing of Plaintiffs' lawsuit. Permissive intervention is appropriate, as this Court has frequently held.

## II. Alternatively, Movants are entitled to intervene as of right.

### A. The motion's timeliness does not undercut the other intervention elements.

Plaintiffs don't contest that the intervention motion is timely. Instead, they argue that the timeliness of the motion should count *against* Movants. *See* Opp. 1-2. Rule 24 requires the opposite. When the Court has not yet taken

5

"significant action," *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259-60 (11th Cir. 2002), and "no substantive proceedings have taken place," *Ga. Aquarium*, 309 F.R.D. at 684 n.6, intervention is appropriate.

Plaintiffs' argument invites a contradiction. File too late, and Rule 24 counsels against granting intervention. File too early, and Plaintiffs say that intervenors can't meet the inadequate-representation element. That argument would create an impossible Catch-22 for intervenors. They cite no authority adopting that contradictory rule. Indeed, in election cases this Court regularly grants intervention to parties who move to intervene before the defendants have answered the complaint. *See, e.g.*, *Black Voters Matter Fund*, Doc. 42 at 5, No. 1:20-cv-4869 (RNC and GAGOP "moved to intervene a mere three days after Plaintiffs filed the lawsuit"); *Greene*, 2022 WL 1045967, at *2 (granting voters' motion to intervene filed "one business day" after the complaint and before any defendant had responded to the complaint); *Pearson v. Kemp*, Doc. 42, No. 1:20-cv-4809 (N.D. Ga. Dec. 3, 2020) (granting Democratic committees' motion to intervene filed five days after the complaint and before any defendant responded to the complaint); *Wood v. Raffensperger*, Doc. 52, No. 1:20-cv-4651 (N.D. Ga. Nov. 19, 2020) (granting Democratic committees' motion to intervene filed five days after the complaint and before any defendant had appeared).

Applying Rule 24, this Court has held that when parties move to intervene early in the litigation—before responsive pleadings and substantive proceedings—it counts in favor of granting the motion. This Court should not invert Rule 24 by denying a motion *because* it was timely.

**B.      Political parties have interests at stake in election cases.**

As a Georgia state court explained just this week, the RNC and GAGOP have "interest[s]" in "the election of their candidates and advancement of their party platform, both of which are arguably affected by the implementation (or invalidation) of the two challenged rules." *Abhiraman v. State Election Bd.*, Preliminary Scheduling Order, No. 24CV10786 (Ga. Super. Ct. Sept. 10, 2024). Those interests are not "shared by all Georgians." Opp. 9. (emphasis omitted). Applying intervention elements identical to those in the federal rule, the Georgia Superior Court held that the RNC and GAGOP "have made such a showing" to "obtain intervention as a matter of right" in that election lawsuit. *Id.* at 2.

Federal courts agree. Electoral interests "are routinely found to constitute significant protectable interests" under Rule 24. *Issa v. Newsom*, 2020 WL 3074351, at *3 (E.D. Cal. 2020). Most plaintiffs don't bother disputing them. *See Citizens United v. Gessler*, 2014 WL 4549001, *2 (D. Col. 2014); *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, *2. In response to this body of law, Plaintiffs cite two cases denying intervention to the Republican Party. *See* Opp. 17-18. The first was reversed on appeal. *See Common Cause R.I. v. Gorbea*, 970 F.3d 11, 13 (1st Cir. 2020) (reversing denial of intervention in part in *Common Cause R.I. v. Gorbea*, 2020 WL 4365608 (D.R.I. July 30, 2020)).

The second case is a cautionary tale. In *Democracy North Carolina*, the district court denied the Republican Party intervention because it had already *granted* intervention to the leaders of the state senate and house, "both Republicans." *Democracy N.C. v. N.C. State Bd. of Elections*, 2020 WL 6591397, at *1-2 (M.D.N.C. June 24, 2020). But when the court later granted a preliminary injunction, "no party … appealed." 2020 WL 6058048, at *1. The state

7

defendants then used that injunction as a basis to unilaterally change state election laws. *See id.* at *2-4, *8-9. This required the Republican Party to file a separate lawsuit, which was transferred to the *Democracy N.C.* court anyway. 2020 WL 6591367, at *1 (M.D.N.C. 2020). That series of events was anything but an efficient use of judicial or party resources. *See United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013) (holding that courts abuse their discretion if they fail to consider "the potential prejudice resulting from complete denial of intervention: significant delay … from collateral challenges" brought by the failed intervenors).

Next, Plaintiffs cite a response that the RNC filed in the Western District of Michigan opposing the intervention of several interest groups in one of the RNC's cases. *See Republican Nat'l Comm. v. Benson*, Doc. 16, No. 1:24-cv-262 (W.D. Mich. Apr. 5, 2024). Nothing about that response undercuts Movants' intervention here. First, the intervenors in that case were not political parties, which "brin[g] a unique perspective" to "actions challenging voting laws." *Democratic Party of Va. v. Brink*, 2022 WL 330183, at *2 (E.D. Va. Feb. 3, 2022). Instead, the intervenors were interest groups whose core missions had nothing to do with elections or the rules that govern them. In contrast, when the RNC's Democratic counterparts intervene in election cases, the RNC consistently does not oppose their intervention. *See, e.g.*, *Republican Nat'l Comm. v. Burgess*, Doc. 54, No. 3:24-cv-198 (D. Nev. May 24, 2024) (notice of non-opposition to DNC intervention). The Court granted the DNC's intervention "as of right" in *Burgess*, *id.*, Doc. 56 (minute entry), along with the opposed intervention of other interest groups, *id.*, Doc. 70. And to recall an earlier point, all of those

8

parties moved to intervene before the state defendants had responded to the complaint.

Second, intervention in *Benson* was governed by Sixth Circuit law, not Eleventh Circuit law. That difference matters, since "this Circuit" does not apply a "heightened standard to motions to intervene." *Greene*, 2022 WL 1045967, at *3. And while the Western District of Michigan had previously *denied* intervention to those same intervenors in a related election case, *Pub. Int. Legal Found. v. Benson*, 2022 WL 21295936, at *10-13 (W.D. Mich. Aug. 25, 2022), the Northern District of Georgia has always *granted* intervention to the intervenors here in related election cases, *see* Mot. 1-2 & n.1. Plaintiffs have no response to this Court's uniform rulings granting Movants' intervention in these cases.

Finally, "as a practical matter," granting Plaintiffs' requested relief "may" impair Movants' interests. Fed. R. Civ. P. 24(b). "All that is required under Rule 24(a)(2) is that the would-be [intervenor] be practically disadvantaged by his exclusion from the proceedings." *Huff v. Comm'r*, 743 F.3d 790, 800 (11th Cir. 2014). Movants explain these disadvantages in detail, to no response from Plaintiffs: Movants have specific, practical interests "in accurate voter-registration lists." Mot. 6. If Plaintiffs were to prevail in their lawsuit, it would necessarily prevent the State from removing ineligible voters from the rolls, which will, "as a practical matter," Fed. R. Civ. P. 24(b), harm Movants' "electoral strategies" and require them divert resources from other mission-critical activities. Mot. 6. If Movants' don't have an interest in this litigation based on those interests, then Plaintiffs don't even have standing to file this

lawsuit. *See* Compl. (Doc. 1) ¶¶14, 18 (suing to protect "core voting and advocacy related activities" such as "voter registration" and "get out the vote efforts").

### C. The State does not share Movants' interests, let alone adequately represent them.

Citing nothing, Plaintiffs argue that it's "premature" to assess adequate representation "at this juncture." Opp. 16. But that confuses divergence of *interests* with divergence of *argument*. As defendants who oppose Plaintiffs' claims, it's likely that the State and Movants will raise similar arguments. But the fact that Movants and Defendants "both believe [Plaintiffs' relief] should be denied … does not mean that [they] have identical positions or interests." *U.S. Army Corps*, 302 F.3d at 1259.

Plaintiffs cite *Stone v. First Union Corp.* for the proposition that adequate representation is presumed when "an existing party seeks the same objectives as the proposed intervenors," Opp. 14, but Plaintiffs omit the Eleventh Circuit's holding: "This presumption is weak and can be overcome if the [Movants] present some evidence to the contrary"—for example, a "difference in interests." 371 F.3d 1305, 1311-12 (11th Cir. 2004); *see also Huff v. Comm'r*, 743 F.3d 790, 800 (11th Cir. 2014) ("[W]hile the Taxpayers have taken the same litigation position as the [state defendants]," their "interest in their overall tax liability is *not the same* as the [state defendants'] interest in how the taxes are apportioned." (emphasis added)). The required showing is "'minimal'" and "not difficult." *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999). And as the Georgia Superior Court explained this week, the RNC and GAGOP

have "interest[s] at stake that the [state defendant] does not." *Abhiraman*, Preliminary Scheduling Order, No. 24CV10786.

An ongoing case in this Court illustrates how case developments can expose divergent interests. Earlier this year, this Court granted the RNC and GAGOP intervention in *International Alliance of Theater Stage Employees v. Lindsey*, Doc. 84, No. 1:23-cv-4929 (N.D. Ga. May 3, 2024), a case that challenges Georgia's registration deadline for mail voting. There, as here, the RNC and GAGOP assured the Court that they would reduce duplicative briefing. True to that promise, they defended Georgia's law on the merits, even though the state defendants would not. *Compare id.*, Intervenors' Mot. to Dismiss, Doc. 66 (arguing that plaintiffs fail to state a claim because their argument is foreclosed by the Constitution), *with* State Defs.' Br. in Support of Mot. to Dismiss, Doc. 68-1 (arguing only that plaintiffs lack standing and a cause of action). The Court dismissed the state defendants from the case, holding that the plaintiffs lacked standing to sue them. *See id.*, Doc. 97. The Court also denied the plaintiffs' preliminary injunction motion for the same reason. *See id.*, Doc. 106. That leaves the members of the Fulton County Registration and Elections Board as the only remaining defendants in the case, apart from the Republican Party intervenors. Knowing that the state defendants were no longer in the case, the plaintiffs then moved for reconsideration of their preliminary injunction motion. *See id.*, Doc. 113. The Republican Party intervenors were the only defendants to oppose reconsideration. *See id.*, Doc. 116. In effect, the Republican Party is the only defendant actively litigating the case. That reconsideration motion is still pending.

*IATSE* illustrates why intervention is essential to protect Movants' interests. Sharing the same side of the case does not mean that Movants and the state defendants will make the same arguments or employ the same strategies. Where they do align, Movants will ensure efficient briefing and presentation, as they've done in every case so far. Where they don't align, Movants interests are inadequately represented. Movants should be granted intervention "'unless it is clear that [the state defendants] will provide adequate representation.'" *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). In any event, litigation positions aside, because the state defendants don't share Movants' electoral and partisan interests, they can't represent them. *Huff*, 743 F.3d at 800. Movants are entitled to intervene as of right.

\*   \*   \*

This Court has always granted political parties intervention in countless election cases—including these exact Movants in cases filed by these exact Plaintiffs. Following that precedent is straightforward. Deviating from that precedent, however, should raise at least some doubt that denying intervention would be improper. And "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors." *Fed. Sav. & Loan Ins. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to intervene.

This 13th day of September, 2024.

                                                Respectfully submitted,

                                                /s/ *William Bradley Carver, Sr.*

| | |
|---|---|
| Thomas R. McCarthy* | William Bradley Carver, Sr. |
| Gilbert C. Dickey* |    Georgia Bar No. 115529 |
| Conor D. Woodfin* | HALL BOOTH SMITH, P.C. |
| CONSOVOY MCCARTHY PLLC | 191 Peachtree Street NE |
| 1600 Wilson Boulevard | Suite 2900 |
| Suite 700 | Atlanta, GA 30303 |
| Arlington, VA 22209 | (404) 954-5000 |
| (703) 243-9423 | BCarver@hallboothsmith.com |
| tom@consovoymccarthy.com | |
| gilbert@consovoymccarthy.com | Baxter D. Drennon |
| conor@consovoymccarthy.com |    Georgia Bar No. 241446 |
| | HALL BOOTH SMITH, P.C. |
| **pro hac vice* forthcoming | 200 River Market Avenue |
| | Suite 500 |
| | Little Rock, AR 72201 |
| | (501) 319-6996 |
| | BDrennon@hallboothsmith.com |

                            *Counsel for Movants*

## CERTIFICATE OF COMPLIANCE

This document complies with Local Rule 5.1(B) because it uses 13-point Century Schoolbook.

/s/ *William Bradley Carver, Sr.*

## CERTIFICATE OF SERVICE

On September 13, 2024, I e-filed this document on ECF, which will email everyone requiring service.

/s/ *William Bradley Carver, Sr.*
