# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NEW GEORGIA PROJECT, *et al.*,<br>    *Plaintiffs*,<br>                  v.<br>BRAD RAFFENSPERGER, *Secretary of State of Georgia, in his official capacity, et al.*,<br>    *Defendants*. | Civil Action No.<br>1:24-cv-03412-SDG |
| GEORGIA STATE CONF. OF THE NAACP, *et al.*,<br>    *Plaintiffs*,<br>                  v.<br>BRAD RAFFENSPERGER, *Secretary of State of Georgia, in his official capacity*,<br>    *Defendant*. | Civil Action No.<br>1:24-cv-04287-SDG |
| SECURE FAMILIES INITIATIVE; *and their members*,<br>    *Plaintiffs*,<br>                  v.<br>BRAD RAFFENSPERGER, *Secretary of State of Georgia, in his official capacity, et al.*,<br>    *Defendants*. | Civil Action No.<br>1:24-cv-04659-SDG |

## STATE DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

State Defendants[1] agree that each of these SB 189 cases shares common issues of law and fact and are appropriate subjects for consolidation, at least pre-

---

[1] "State Defendants" refers to the Secretary alone in Case No. 1:24-cv-04287, and the Secretary and the members of the State Election Board (SEB) in Case Nos. 1:24-cv-03412 and 1:24-cv-04659.

trial. Fed R. Civ. P. 42(a). But this Court should rule on the pending and forthcoming motions to dismiss prior to consolidating the cases for the reasons outlined below and revisit consolidation for purposes of trial after addressing any dispositive motions.

## CLAIMS IN THE CASES

Each case challenges provisions of SB 189, specifically Sections 4 and/or 5, relying on several different theories. As shown in the chart below, each case includes National Voter Registration Act (NVRA) and constitutional claims.

|  | **New Georgia Project** | **Ga. NAACP** | **Secure Families** |
|---|---|---|---|
| **Parties** | Secretary, SEB, Chatham, Forsyth, Fulton, Macon-Bibb, Gwinnett, and Spalding County registrars | Secretary only | Secretary, SEB, and Cobb County as class rep for all county registrars |
| **Class allegations** | No | No | Yes |
| **NVRA Notice/Removal Section 8(d)** | Count I – § 5<br><br>Count II – against counties only – § 5<br><br>Count III – § 4 | Count IV – § 5 | Count I – § 5 |
| **NVRA Uniformity Section 8(b)** | Count IV – § 4 | Count III – § 5<br><br>Count VI – § 4 | Count II – § 5 |
| **Civil Rights Act** |  |  | Count III – § 5 |
| **US Const. Due Process** |  | Count II – § 5 | Count VI – § 5 |
| **US Const. Burden on Right to Vote** | Count V – against SEB and counties only – § 4 | Count I – § 5<br><br>Count V – § 4 | Count V – § 5 |

1

|  | **New Georgia Project** | **Ga. NAACP** | **Secure Families** |
|---|---|---|---|
| **US Const. Equal Protection** |  |  | Count IV – § 5 |

Because all of the various constitutional claims are governed by the *Anderson-Burdick* framework, *see New Georgia Project v. Raffensperger*, 976 F.3d 1278, 1282 (11th Cir. 2020), all of the claims except for the Civil Rights Act claim in *SFI* will be evaluated using the same legal standards across all the cases. Further, there is a significant similarity of facts because all three cases relate to Section 5 of SB 189 and two of the three relate to Section 4 of SB 189, which shows common issues of fact also exist. Fed. R. Civ. P. 42(a), *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017).

## PLAN FOR CONSOLIDATION

Even with these similarities, this Court should exercise its discretion to rule on the pending and forthcoming motions to dismiss first and then consolidate the cases through discovery and dispositive motions. Each case involves organizational plaintiffs seeking to establish standing through varying combinations of direct injury and associational standing and there are no individual voter plaintiffs in any of the cases. Further, *New Ga. Project* Plaintiffs have already indicated they are considering filing an amended complaint. [*NGP* Doc. 128]. The differing allegations regarding standing and likelihood of additional versions of the operative complaints mean that judicial efficiency can

best be achieved by ruling on the various motions to dismiss first, then consolidating what and who remains for discovery purposes.

Consolidating the cases for trial may prove more complicated depending on which claims and parties remain at that point. Further, the existence of class allegations in *SFI* could complicate a consolidated trial and would require separate briefing to certify a class in any event. For these reasons, this Court should decide whether to hold a consolidated trial only after discovery and rulings on dispositive motions.

## CONCLUSION

State Defendants consent to consolidation, but believe it is best to wait until after this Court's ruling on the various motions to dismiss, and to consolidate only through discovery and dispositive motions, with the option to revisit consolidating trials at a later point if that is needed.

Respectfully submitted this 31st day of October, 2024.

                                          Christopher M. Carr
                                        Attorney General
                                        Georgia Bar No. 112505
                                        Bryan K. Webb
                                        Deputy Attorney General
                                        Georgia Bar No. 743580
                                        Elizabeth T. Young
                                        Senior Assistant Attorney General
                                        Georgia Bar No. 707725
                                        **State Law Department**
                                        40 Capitol Square, S.W.
                                        Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**
800 Battery Ave SE
Suite 100
Atlanta, Georgia 30339
678.370.4377 (phone)

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned certifies that the foregoing Brief has been prepared in Book Antiqua 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson
