IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NEW GEORGIA PROJECT, *et al.*,<br>    Plaintiffs,<br>              v.<br>BRAD RAFFENSPERGER, *in his official capacity as Georgia Secretary of State*, *et al.*,<br>    Defendants. | Civil Action No.<br>1:24-cv-03412-SDG |

## OPINION AND ORDER

The Republican National Committee and the Georgia Republican Party, Inc. (the Proposed Intervenors) move to intervene in this action, which challenges Sections 4 and 5 of Georgia Senate Bill 189 (SB 189). Plaintiffs oppose the motion.[1] For the following reasons, the motion is **GRANTED**.

The Proposed Intervenors argue that they are entitled to intervene of right under Fed. R. Civ. P. 24(a) because their motions are timely and they have clear interests in protecting their candidates, voters, and resources from Plaintiffs' challenge to SB 189.[2] They also claim that no current party adequately represents

---

[1]  Specifically, the Proposed Intervenors moved to intervene in Case No. 1:24-cv-03412-SDG and Case No. 1:24-cv-04287-SDG, *Georgia State Conference of the NAACP v. Raffensperger*. Plaintiffs in both cases opposed the motions. Those cases, along with Case No. 1:24-cv-04659-SDG, *Secure Families Initiative v. Raffensperger*, were later consolidated. ECF 137. The Court has considered all the briefing regardless of the case in which a particular brief was originally filed.

[2]  ECF 64, at 2.

their "distinct interests" in helping Republican candidates and voters.[3] Alternatively, the Proposed Intervenors contend that the Court should permit their permissive intervention under Fed. R. Civ. P. 24(b) since their (1) defenses have questions of law and fact in common with the existing parties' claims and (2) intervention will not cause delay or prejudice.[4] Because the Court concludes that the Proposed Intervenors may permissively intervene, it need not determine whether they are entitled to intervene of right. *New Ga. Project v. Raffensperger*, No. 1:21-CV-01229-JPB, 2021 WL 2450647, at *2 n.3 (N.D. Ga. June 4, 2021); *Alabama v. United States Dep't of Com.*, No. 2:18-CV-772-RDP, 2018 WL 6570879, at *2 (N.D. Ala. Dec. 13, 2018).

Permissive intervention under Rule 24(b)(2) may be appropriate when a person's claim or defense has questions of law or fact in common with the parties. *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1367 (11th Cir. 1982). But the Court must consider whether intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Plaintiffs oppose intervention but do not contest that the Proposed Intervenors' defenses share common questions of law and fact with the parties.[5] Rather, Plaintiffs assert

---

[3]   *Id.*

[4]   *Id.* at 3.

[5]   ECF 93, at 18.

that, if the Proposed Intervenors are allowed to join, it will complicate and delay adjudication of the case.[6]

The three related cases concern challenges to SB 189 under the U.S. Constitution and federal law, are brought by five different organizational plaintiffs and their members, against over thirty-five individual state and local officials—including the Georgia Secretary of State.[7] The cases raise complex legal issues and involve many parties, claims, and defenses. For these reasons, the Court consolidated the cases for pretrial management. The addition as defendants of two organizations presenting unified arguments seems unlikely to add much extra complication. The Proposed Intervenors have agreed to comply with all deadlines and to work to prevent duplicative briefing[8]—something all the parties should do. The Court certainly sees no reason why the addition of the Proposed Intervenors as parties would unduly delay the proceedings.

Plaintiffs' contention that the Court should hold in abeyance a decision on intervention until all Defendants have responded to the complaint is unpersuasive. The Proposed Intervenors' distinct viewpoint as major-political-

---

[6] *Id.* at 18–22.

[7] Case 3412, ECF 1; Case 4287, ECF 1; Case 4659, ECF 1.

[8] ECF 103, at 4. The Court reminds the Proposed Intervenors that they must also comply with the Local Rules' formatting requirements, which their motion to intervene briefing does not. *See, e.g.,* LR 5.1(C)(2).

party organizations may aid the Court's analysis of the amended complaint. Delaying a decision on intervention would only ensure that the Court never has the opportunity to consider the arguments the Proposed Intervenors intend to make. And it would cause the exact harm to Proposed Intervenors they seek to prevent by intervening—not having their position heard. "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993) (citing *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992)).

Accordingly, the Court **GRANTS** the Proposed Intervenors' motion to intervene as Defendants [ECF 64]. The Clerk is **DIRECTED** to identify the Republican National Committee and the Georgia Republican Party, Inc. as Intervenor-Defendants on the docket of this consolidated case.

**SO ORDERED** this 16th day of December, 2024.

Steven D. Grimberg
United States District Judge