IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NEW GEORGIA PROJECT, *et al.* : | |
| : | |
| Plaintiffs, : | Civil Action File No.: |
| vs. : | 1:24-cv-03412- SDG |
| : | |
| BRAD RAFFENSPERGER, in his : | |
| Official capacity as Secretary of State : | |
| Of the State of Georgia, *et al.* : | |
| : | |
| Defendants. : | |
| : | |

**COBB COUNTY DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED FIRST
AMENDED COMPLAINT**

In support of their Motion to Dismiss [Doc. 176, Defendants Cobb County Board of Elections and Registration ("Cobb BOER"), Tori Silas, Steven F. Bruning, Stacy Efrat, Debbie Fisher, and Jennifer Mosbacher, in their official capacities as members of the Cobb BOER, (collectively "Cobb County Defendants") adopt the arguments set forth in State Defendants' Reply Brief in Support of Motion to Dismiss Plaintiffs Consolidated First Amended Complaint [Doc. 238] except that Cobb County Defendants do not adopt State Defendant's arguments regarding traceability to and redressability by State Defendants in Section I(E) of their brief.

Additionally, Cobb County takes this opportunity to address Plaintiffs' response to Cobb County's argument that it did not receive proper notice under the NVRA.  See, Doc. 228 Section II(A)(4)(ii).  Plaintiffs have responded with a self-serving statement that they "provided pre-suit notice on July 10, 2024, by sending it to all members of the Cobb County Board of Elections and Registration and their counsel." [Doc. 228]. However, simply stating that they sent "proper" notice does not make it "proper."  Plaintiffs do not dispute that they merely copied several counties on a notice that was addressed to the State officials and made allegations regarding state actions.[1] Nor do they dispute that the notice failed to identify any specific actions of Cobb BOER which have or will harm the organizations or their members.  Nor do they refute that the notice provided no identification of any unhoused individuals living or voting in Cobb County who have or will not be able to receive election mail, nor that the notice did not reference any voter challenges brought pursuant to O.C.G.A. 21-2-230 in which Cobb BOER had sustained probable cause.  Accordingly, aside from their blanket statement that they provided

---

[1] Plaintiffs note that none of the other counties raised this defense, but that is not relevant.  The fact that only one defendant raises a defense does not make it any less valid if it is supported by the law.  Further, none of the other counties were alleged in the Complaint to have denied voter challenges as requested by the Plaintiffs, a distinction that makes a difference here.

proper notice, Plaintiffs do not actually deny the deficiencies in the notice as pointed out by Cobb County Defendants.

Plaintiffs go on to incorrectly state that Cobb Defendants' assertion that it made "corrections"[2] after the notice is an argument to be raised as to the merits, not in a motion to dismiss. This response misstates the nature of Cobb County Defendants' contentions on this issue. It is the Plaintiffs themselves, not Cobb County Defendants, who allege that Cobb County applied the law correctly and denied voter challenges brought after their "notice" was sent. [Doc. 155, ¶ 238], making it entirely appropriate to raise in a motion to dismiss.

After openly misrepresenting that Cobb County Defendants are the ones who claim to have denied these voter challenges – rather than acknowledging that their own Complaint makes this claim – they go on to argue that Cobb Defendants "do not claim to have adopted any policy against sustaining voter challenges of the type identified in the NVRA notice letter." [Doc. 228, p. 64]. Pretermitting that this is an

---

[2] It may not have been clear in Cobb County Defendants' brief, but the term "corrected" was in quotations because the Cobb County Defendants did not actually need to make any corrective actions. It simply enforced the challenge provisions from the Georgia Election Code and the provisions NVRA in the same manner it has before and after the notice. Cobb County Defendants argument that it "corrected" after the notice was simply a way of noting that they did what Plaintiffs requested that they do - they followed the law – a fact that Plaintiffs allege in their own Amended Complaint. [Doc 155, ¶ 238].

immaterial statement that would have to be argued latr on the merits, it is actually incorrect and Plaintiffs are surely aware that Cobb County has adopted policies invoking the NVRA, because they were cited at the August 2024 meeting it references in the Amended Complaint.

The last response Plaintiffs make is perhaps the most absurd: that it wouldn't matter even if Cobb had corrected based on the notice, rather the notice could still stand to support a lawsuit because the county might - at some point in the future - violate the NVRA.  As noted in the original brief, the whole point of the notice provision is "to encourage exactly [the] sort of compliance attempt" made by the Cobb Defendants. *Ga. State Conf. of the NAACP v. Kemp*, 841 F. Supp. 2d 1320, 1335 (ND. Ga 2012).  Apparently, Plaintiffs' position is that a notice addressed to State officials, with no specific allegations against the Cobb County Defendants, can stand in perpetuity to allow Plaintiffs to sue it at any time even after Cobb Defendants have demonstrated that they have complied with the NVRA.  If a party complies with the law after being notified that it must comply with the law, then there are no grounds to sue, especially when Plaintiffs' own allegations make it clear that Cobb County Defendants complied with the law.

Plaintiffs have simply failed to state a valid claim against the Cobb County Defendants and failed to provide proper notice before filing this suit.  For the reasons

noted in the State's reply briefs and those set forth in Cobb's original motion to dismiss, the Court should not allow this case to move forward against Cobb County Defendants.

Respectfully submitted this 7th day of March, 2025.

                                    HAYNIE, LITCHFIELD & WHITE, PC

                                    /s/ *Daniel W. White*
                                    Daniel W. White
                                    Georgia Bar No. 153033
                                    William A. Pinto Jr.
                                    Georgia Bar No. 405781
                                    *Counsel for Cobb County Defendants*

222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).

/s/ *Daniel W. White*
DANIEL W. WHITE
Georgia Bar No. 153033
*Counsel for Cobb County Defendants*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025 I electronically filed the foregoing REPLY BRIEF IN SUPPORT OF COBB COUNTY DEEFENDANTS' MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record in this matter.

/s/ *Daniel W. White*
DANIEL W. WHITE
Georgia Bar No. 153033
*Counsel for Cobb County Defendants*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com