# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| NEW GEORGIA PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 1:24-CV-03412-SDG |
| GEORGIA STATE CONFERENCE OF THE NAACP, et al, <br><br> Plaintiffs, <br> v. <br><br> BRAD RAFFENSPERGER, et al., <br><br> Defendants. |  |
| SECURE FAMILIES INITIATIVE AND THEIR MEMBERS, <br><br> Plaintiff, <br> v. <br><br> BRAD RAFFENSPERGER, et al., <br><br> Defendants. |  |

**PLAINTIFFS GEORGIA STATE CONFERENCE OF THE NAACP, GEORGIA COALITION FOR THE PEOPLE'S AGENDA, VOTERIDERS, AND SECURE FAMILIES INITIATIVE'S MOTION TO CERTIFY DEFENDANT CLASS**

Pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(1) and (2), Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, VoteRiders, and Secure Families Initiative ("Moving Plaintiffs") move to certify a defendant class consisting of Georgia's 159 county boards of registrars, to be represented by the Gwinnett County Board of Registrations and Elections as the class representative as to Counts I, II, IV, VI; Plaintiff Secure Families Initiative (SFI) additionally moves for identical class certification as to Counts VII, X, XI, and XII; and Georgia Conference of the NAACP, Georgia Coalition for the People's Agenda, and VoteRiders ("NAACP Plaintiffs") move for identical class certification as to Counts VIII and IX. The bases of this motion are described in Moving Plaintiffs' Brief in Support of Motion to Certify Defendant Class filed herewith.

Respectfully submitted this 30th day of May, 2025,

Alice Huling*
Danielle Lang*
Valencia Richardson*
Daniel S. Lenz*
Rachel Appel*
Lucas Della Ventura*

/s/Caitlin May
Caitlin May (Ga. Bar No. 602081)
Cory Isaacson (Ga. Bar No. 983797)
Akiva Freidlin (Ga. Bar No. 692290)
**ACLU FOUNDATION OF GEORGIA, INC.**

2

**CAMPAIGN LEGAL CENTER**
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
ahuling@campaignlegalcenter.org
dlang@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org

dlenz@campaignlegalcenter.org
rappel@campaignlegalcenter.org
ldellaventura@campaignlegal.org

*Admitted Pro Hac Vice*

Katherine L. D'Ambrosio (Ga. Bar
No. 780128)
Jennifer Virostko (Ga. Bar No.
959286)
Ben Watson (Ga. Bar No. 632663)
**COUNCILL, GUNNEMANN &
CHALLY LLC**
75 14th Street, NE, Suite 2475
Atlanta, GA 30309
(404) 407-5250
kdambrosio@cgc-law.com
jvirostko@cgc-law.com
bwatson@cgc-law.com


*Counsel for Plaintiff Secure Families
Initiative*

P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
cisaacson@acluga.org
cmay@acluga.org
afreidlin@acluga.org

Julie M. Houk*

Marlin David Rollins-Boyd*
Ryan Snow*
Samantha Heyward*
Jeremy Lewis*
**Lawyers' Committee for Civil
Rights Under Law**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8600
General Fax: (202) 783-0857
jhouk@lawyerscommittee.org
drollins-boyd@lawyerscommittee.org
rsnow@lawyerscommittee.org
sheyward@lawyerscommittee.org
jlewis@lawyerscommittee.org

Neil A. Steiner*
Mara Cusker Gonzalez*
Biaunca S. Morris*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Neil.steiner@dechert.com
Mara.cuskergonzalez@dechert.com
Biaunca.morris@dechert.com

Lindsey B. Cohan*
**Dechert LLP**

515 Congress Ave. STE 1400
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
Lindsey.cohan@dechert.com

*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, and VoteRiders*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NEW GEORGIA PROJECT, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State, et al.,<br><br>       Defendants. | CIVIL ACTION<br><br>NO. 1:24-CV-03412-SDG |
| GEORGIA STATE CONFERENCE OF THE NAACP, et al,<br><br>       Plaintiffs,<br>   v.<br><br>BRAD RAFFENSPERGER, et al.,<br><br>       Defendants. | |
| SECURE FAMILIES INITIATIVE AND THEIR MEMBERS,<br><br>       Plaintiff,<br>   v.<br><br>BRAD RAFFENSPERGER, et al.,<br><br>       Defendants. | |

**BRIEF IN SUPPORT OF MOTION TO CERTIFY DEFENDANT CLASS**

## INTRODUCTION

At the end of the 2024 legislative session, Georgia enacted Senate Bill 189 ("S.B. 189") which, among other things, removed the discretion of county boards of registrars to dismiss unsubstantiated voter registration and voter eligibility challenges brought under O.C.G.A. § 21-2-230 (Section 230) and requires unhoused voters without a permanent address to use their county board of registrars office as their mailing address for all election-related mail ("mailroom requirement"), O.C.G.A. § 21-2-217. These changes violate federal law and threaten the voting rights of eligible Georgia voters in violation of the U.S. Constitution.

In recent years, voters across Georgia have been subject to an onslaught of meritless mass challenges, including in "2024 by groups claiming there is fraud in Georgia's elections." *See* ECF No. 276 at 63-68 (Pls. Second Am. Compl.); ECF No. 296 at 54-55 (Macon Bibb County). By stripping county boards of registrars of their discretion to dismiss unfounded voter registration and eligibility challenges when the challenger fails to demonstrate probable cause, Section 5 of S.B. 189 removes one of the few protections eligible Georgia voters had against unsubstantiated and erroneous voter challenges.

While all other Georgia voters can choose to receive election-related mail at a post office box, the residence of a friend or relative, or any other address which is convenient, unhoused voters without a permanent address are forced to receive mail

at a registrar's office—even as unhoused voters are particularly likely to have difficulty accessing transportation. By requiring that unhoused voters without a permanent address use the county registrar's office as their mailing address, Section 4 of S.B. 189 arbitrarily singles those voters out for differential treatment and imposes an unreasonable burden.

Georgia's 159 county boards of registrars are the government bodies that initially hear and adjudicate voter challenges and enforce the mailroom requirement and are therefore proper defendants in this case. All plaintiffs, including Moving Plaintiffs, seek relief that is consistent and uniform across counties statewide and that is most effectively and appropriately achieved through the certification of a defendant class. Courts in this circuit have repeatedly certified defendant classes where, as here, plaintiffs seek injunctions against state-wide enforcement of a statute. *See Strawser v. Strange*, 307 F.R.D. 604, 608-09 (S.D. Ala. 2015) (citing *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979) ("Chief among the justifications for class certification is its efficiency."). For that reason, and as shown in this motion, Georgia's 159 county boards of registrars are appropriate for class treatment and satisfy the requirements of Federal Rule of Civil Procedure 23. Thus, Moving Plaintiffs[1] respectfully request that this Court certify claims under Counts I, II, IV,

---

[1] As detailed in the motion, and as set forth in the claims chart filed with the Second Amended Complaint, ECF No. 276-1, Secure Families Initiative (SFI) and NAACP

VI, VII, VIII, IX, X, XI, and XII as a class action and certify a defendant class consisting of Georgia's 159 county boards of registrars, to be represented by the Gwinnett County Board of Registrations and Elections as the class representative.

## ARGUMENT

This Court should certify Counts I, II, IV, VI, VII, VIII, IX, X, XI, and XII for class treatment pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1) and (b)(2). To have this Court certify a defendant class under Rule 23, Moving Plaintiffs must show that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the defenses of the representative party are typical of the defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. F.R.C.P. Rule 23(a)(1)–(4); *see also National Broad. Co. v. Cleland*, 697 F. Supp. 1204, 1217 (N.D. Ga. 1988).

Additionally, the Court must find that at least one of the three conditions of Rule 23(b) is met. Under Rule 23(b)(1), class certification is appropriate when the prosecution of separate actions by or against individual members of the class would create a risk of "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for

---

Plaintiffs bring overlapping but distinct claims. *See generally* Second Am. Compl., ECF No. 276. Most importantly here, NAACP Plaintiffs challenge both Section 4 and Section 5 of S.B. 189, whereas SFI's claims involve only Section 5.

the party opposing the class." Certification is appropriate under Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Moving Plaintiffs have satisfied the prerequisites of Rule 23(a), and class certification is appropriate under both Rule 23(b)(1) and (2). Therefore, this Court should grant Moving Plaintiffs' motion for class certification.

## I.    Proposed Definition of Defendant Class

An order certifying a class action must define the class. *See* Fed. R. Civ. P. 23(c)(1)(B). Moving Plaintiffs propose a single class defined to include all county boards of registrars in the State of Georgia, i.e., the county boards of registrars[2] of:

> Appling County, Atkinson County, Bacon County, Baker County, Baldwin County, Banks County, Barrow County, Bartow County, Ben Hill County, Berrien County, Bibb County, Bleckley County, Brantley County, Brooks County, Bryan County, Bulloch County, Burke County, Butts County, Calhoun County, Camden County, Candler County, Carroll County, Catoosa County, Charlton County, Chatham County, Chattahoochee County, Chattooga County, Cherokee County, Clarke County, Clay County, Clayton County, Clinch County, Cobb County, Coffee County, Colquitt County, Columbia County, Cook County, Coweta County, Crawford County, Crisp County, Dade County, Dawson County, Decatur County, DeKalb County, Dodge County, Dooly County, Dougherty County, Douglas County, Early County, Echols County, Effingham County, Elbert County, Emanuel County, Evans County, Fannin County, Fayette County, Floyd County, Forsyth County, Franklin County, Fulton County, Gilmer County, Glascock County,

---

[2] This Motion contemplates each county "board of registrars" within the meaning of O.C.G.A. § 21-2-230, though some counties refer to this entity as a "Board of Elections and Registration," "Board of Registration," or other variant.

Glynn County, Gordon County, Grady County, Greene County, Gwinnett County, Habersham County, Hall County, Hancock County, Haralson County, Harris County, Hart County, Heard County, Henry County, Houston County, Irwin County, Jackson County, Jasper County, Jeff Davis County, Jefferson County, Jenkins County, Johnson County, Jones County, Lamar County, Lanier County, Laurens County, Lee County, Liberty County, Lincoln County, Long County, Lowndes County, Lumpkin County, Macon County, Madison County, Marion County, McDuffie County, McIntosh County, Meriwether County, Miller County, Mitchell County, Monroe County, Montgomery County, Morgan County, Murray County, Muscogee County, Newton County, Oconee County, Oglethorpe County, Paulding County, Peach County, Pickens County, Pierce County, Pike County, Polk County, Pulaski County, Putnam County, Quitman County, Rabun County, Randolph County, Richmond County, Rockdale County, Schley County, Screven County, Seminole County, Spalding County, Stephens County, Stewart County, Sumter County, Talbot County, Taliaferro County, Tattnall County, Taylor County, Telfair County, Terrell County, Thomas County, Tift County, Toombs County, Towns County, Treutlen County, Troup County, Turner County, Twiggs County, Union County, Upson County, Walker County, Walton County, Ware County, Warren County, Washington County, Wayne County, Webster County, Wheeler County, White County, Whitfield County, Wilcox County, Wilkes County, Wilkinson County, and Worth County.

No party disputes that all Georgia county boards of registrars—the members of the proposed class—are the officials who initially adjudicate voter challenges under O.C.G.A. § 21-2-230. Those boards therefore are responsible, in part, for implementing Section 5 of S.B. 189, *see* ECF Nos. 296 at 29 (Macon-Bibb County); 286 at 31 (Fulton County); 299 at 28-29 (Richmond County), including challenges against unhoused voters and military and overseas voters. Problematically, the mailing address requirement of Section 4 leaves unhoused voters, many of whom do not have a permanent residential address, vulnerable to challenges under O.C.G.A.

6

§§ 21-2-229 and 21-2-230 by creating a specified address that challengers may use in order to target these voters. Thus, the county boards of registrars' responsibility to adjudicate those challenges is also relevant to Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, and VoteRiders Plaintiffs' injuries under Section 4. Moving Plaintiffs' injuries are therefore traceable to these defendants and redressable by actions of this court. ECF 228 at 55, 60-61.[3]

"Defendant class certification is frequently used in this Circuit[,]" and is appropriate here, "where a plaintiff seeks an injunction against the state-wide enforcement of a statute." *Whitaker v. Perdue*, No. 4:06-CV-0140-CC, 2006 WL 8553739, at *1 (N.D. Ga. Aug. 24, 2006). Accordingly, courts in the Eleventh Circuit and elsewhere regularly certify defendant classes of local officials. *See Harris v. Graddick*, 593 F. Supp. 128, 137 (M.D. Ala. 1984) (collecting cases); *see also Strawser*, 307 F.R.D. at 611 (same).

## II. Plaintiffs Satisfy the Requirements of Rule 23(a).

### A. Numerosity

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Eleventh Circuit has stated that "while there is no fixed

---

[3] While some County Defendants argued they would abide by any order of this Court even if they were not named as Defendants, *e.g.*, ECF Nos. 284 at 8, 286 at 4, 292 at 3, 296 at 2, 299 at 10, Moving Plaintiffs seek to ensure uniform compliance with any relief. All county boards of registrars are *proper* parties even if not all county boards of registrars are *necessary* parties to this litigation.

numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (internal quotation marks omitted); *see also LaBauve v. Olin Corp.*, 231 F.R.D. 632, 665 (S.D. Ala. 2005) (listing cases) ("Numerosity is generally presumed when a proposed class exceeds 40 members."). Similarly, in *Lombard v. Marcera*, the Supreme Court held that a defendant class of sheriffs of 43 counties was large enough to meet numerosity requirements in a facial challenge to a state law. 442 U.S. 915 (1979). Here, the proposed defendant class encompasses Georgia's 159 county boards of registrars, a size that this Court previously held met the numerosity requirement. *See Nat'l Broad. Co.*, 697 F. Supp. at 1216 (holding that 159 Georgia county boards of registrars acting as Election Superintendents satisfied numerosity requirement); *see also Whitaker*, No. 4:06-CV-0140-CC, 2006 WL 8553739, at *1 (certifying a defendant class of 159 Georgia sheriffs). The logistical burdens of coordinating with 159 defendants, including potentially voluminous and duplicative filings as well as standing-room-only hearings, would undermine judicial efficiency and economy.

The proposed class here clearly satisfies the numerosity requirement.

## B. Commonality

Similarly, "there are questions of law or fact common to the class," satisfying the commonality requirement. Fed. R. Civ. P. 23(a)(2). "The commonality

requirement is not high, requiring only that resolution of the common questions affect all or a substantial number of the class members." *Whitaker*, No. 4:06-CV-0140-CC, 2006 WL 8553739, at *2 (citations omitted). It is satisfied where a common question "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality "does not require complete identity of legal claims." *Johnson v. Am. Credit Co. of Ga.*, 581 F.2d 526, 532 (5th Cir. 1978) (binding precedent, pre-circuit split). Nor may commonality be defeated simply by some factual difference between members of the proposed class. *Shamblin v. Obama for Am.*, No. 8:13-CV-2428-T-33TBM, 2015 WL 1909765, at *6 (M.D. Fla. Apr. 27, 2015). Indeed, commonality can be satisfied even where there is some factual variation among class members. *Id*. As the Supreme Court has held, "for purposes of Rule 23(a)(2), [e]ven a single [common] question will do," *Walmart Stores, Inc.*, 564 U.S. at 359 (internal quotation marks omitted; first bracket added), and courts routinely certify "defendant classes of local or county-level official[s] in cases that challenge a law executed at a local level." *Strawser*, 307 F.R.D. at 611.

As with other class actions in which the proposed class of county-level officials enforces a challenged statute, the commonality factor is easily met here. In *Whitaker*, this Court found commonality where Georgia sheriffs were required to

enforce challenged provisions of a statute. No. 4:06-CV-0140-CC, 2006 WL 8553739, at *2. The Court explained that the sheriffs "share the same concern with regard to the enforcement" of the challenged statute and were without "discretion to decline to enforce the disputed provisions." *Id*.

Here, O.C.G.A. § 21-2-230, modified by Section 5 of S.B. 189, applies to voter challenges brought in all Georgia counties, which all county boards of registrars are responsible for adjudicating. Section 5 of S.B. 189 uniformly directs all county boards of registrars to find probable cause to sustain a challenge if a challenger provides any evidence a voter has moved out of the county or is registered at a nonresidential address:

> Probable causes *shall* include . . . an elector being registered at a nonresidential address as confirmed or listed by or in a government office, data base, website, or publicly available sources derived solely from such governmental sources[, or] [i]f a challenged elector's name appears on the National Change of Address data base, as maintained by the United States Postal Service, as having changed such elector's residence to a different jurisdiction . . . [and] additional evidence would indicate that the [voter] has lost his or her residency as determined pursuant to Code Section 21-2-217.O.C.G.A. § 21-2-230(b) (emphasis added).

Like the statute challenged in *Whitaker*, S.B. 189 leaves the county boards of registrars with no discretion to decline to adjudicate voter challenges brought under O.C.G.A. § 21-2-230 or to decline to find probable cause as defined by Section 5 of S.B. 189. *Compare id.* ("Upon the filing of such challenge, the board of registrars *shall* immediately consider such challenge . . . .") (emphasis added), *with Whitaker*, 2006 WL 8553739, *2 ("Georgia sheriffs do not have the discretion to decline to enforce the disputed provisions of the act."). Indeed, some of the County Defendants have expressly admitted that they "do not have discretion" to decline to enforce S.B. 189. *E.g.*, ECF No. 296 at 2 (Macon-Bibb County, 299 at 10 (Spalding County), 286 at 4 (Fulton County), 292 at 3 (Richmond County).

Section 4 of S.B. 189 similarly leaves no discretion to individual county boards of registrars. If a voter is "homeless" and without a permanent address, the county must require that voter to list the county registrar's address as the voter's mailing address for all election-related mail. O.C.G.A. § 21-2-217 ("The mailing address for election purposes of any person of this state who is homeless and without a permanent address *shall* be the registrar's office of the county in which such person resides[.]") (emphasis added). This section leaves no discretion for a county board to allow an unhoused voter to list another mailing address when registering to vote. This added requirement also leaves these same voters vulnerable to voter challenges pursuant to O.C.G.A. § 21-2-230 because the address search function creates an easy

way for challengers to target voters who, by definition, lack a permanent address. Now, because of Section 5 of S.B. 189, county boards of registrars must find probable cause to sustain such a challenge if the voter resides at a nonresidential address. Here too, some County Defendants have stated they "do not have discretion" to decline to enforce S.B. 189. *E.g.*, ECF Nos. 296 at 2 (Macon-Bibb County), 299 at 10 (Spalding County), 286 at 4 (Fulton County), 292 at 3 (Richmond County).

In *National Broadcasting Company*, plaintiffs brought a First Amendment challenge to a Georgia statute that criminalized exit polls or public opinion polls within 250 feet of any polling place and sought class certification of all Georgia county boards of registrars who, acting as Election Superintendents, were responsible for reporting election law violations to the district attorney. 697 F. Supp. at 1206, 1215. In analyzing commonality, the court reasoned there was "one significant question of law—whether the prohibition against the conduct of exit polls or opinion polls within 250 feet of polling places in Georgia . . . [was] violative of the United States Constitution." *Id*. at 1216. That single question, the court found, was "common to the entire defendant class" tasked with ensuring compliance with Georgia's election laws. *Id.* Here, Moving Plaintiffs likewise raise questions that are common to all 159 county boards of registrars: whether the residency provisions of Section 5 of S.B. 189, which the county boards of registrars are partially responsible

for enforcing, violate the National Voter Registration Act (NVRA) and the U.S. Constitution; SFI raises another common question, as to whether such provisions violate the Civil Rights Act (CRA); and Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, and VoteRiders raise an additional common question:  whether Section 4 of S.B. 189, which the county boards of registrars are partially responsible for enforcing, violates the NVRA and the U.S. Constitution. ECF 276; *see also CBS Inc. v. Smith*, 681 F. Supp. 794, 801-02 (S.D. Fla. 1988) (commonality satisfied for a proposed class of all Florida county election supervisors responsible for enforcing a statute which was challenged as violative of the constitution); *Jones v. Desantis*, No. 4:19CV300-RH/MJF, 2020 WL 5646124, at *4 (N.D. Fla. Apr. 7, 2020) ("Commonality requires common questions with common answers and is not defeated just because a case also presents individual issues."). Those questions are "common contention[s]" applicable to all Georgia counties, "which means that determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims" against the proposed class "in one stroke." *Walmart Stores, Inc.*, 564 U.S. at 359; *see also* ECF No. 276 at 90-98, 99-101, 103-125 (Counts I, II, IV, VI, VII, VIII, IX, X, XI, XII).

Specifically, should the Court ultimately determine that S.B. 189 violates federal law or the Constitution, the appropriate relief is to enjoin officials at both the state and county levels from enforcing that statute as part of Georgia's overall

method of administering elections and resolving voter challenges. *See* ECF 276 at 126-131. Resolving those questions once, as part of a class action, decides it for all counties "in one stroke," regardless of the precise method by which the counties are pursuing enforcement. *Walmart Stores, Inc.*, 564 U.S. at 359.

Plaintiffs therefore satisfy the commonality requirement.

## C. Typicality

The third requirement of Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Thus, "[a] class representative must possess the same interest . . . as the class members in order to be typical under Rule 23(a)(3)." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). Like commonality, the typicality requirement focuses on the named and unnamed parties' legal claims, rather than their factual circumstances, and "may be satisfied despite substantial factual differences [ ] when there is 'strong similarity of legal theories.'" *See id.* (*quoting Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985), *disapproved on other grounds by Green v. Mansour*, 474 U.S. 64 (1985)). Courts have found that where a challenged election code applies statewide, any defenses to the challenge would similarly apply statewide and be typical for all members of the class, and therefore "relief . . . is for the most part appropriate and applicable to the defendant class as whole." *E.g, Harris v. Graddick*, 593 F. Supp. 128, 137 (M.D. Ala. 1984) (certifying a defendant class

14

of county officials responsible for the appointment of poll officials for primary, general, and special elections).

Moving Plaintiffs name Gwinnett County Board of Registrations and Elections as class representative for the proposed class of all Georgia county boards of registrars. Gwinnett County's defenses are aligned with those of the other class members and the relief Moving Plaintiffs seek against the representative is identical to the relief sought against other class members, so typicality is satisfied. Specifically, "[t]he Defendants all operate under the same statutory framework and have the same ministerial duties[,]" *Strawser*, 307 F.R.D. at 613, with regard to adjudicating voter challenges under O.C.G.A. § 21-2-230, as amended by S.B. 189, and enforcing the mailroom requirement under O.C.G.A. § 21-2-217. *See supra* Part II.B.

Moreover, all county boards of registrars are subject to the same statewide requirements for handling voter challenges and the same statewide requirements that unhoused voters receive their election mail at the registrar's office, and all are bound by any rules that Defendant State Elections Board members (SEB) may promulgate regarding the requirements of S.B. 189. *See* O.C.G.A. § 21-2-31(1-2). Each county board is likewise subject to potential enforcement actions by the SEB, including investigation and referral to the Georgia attorney general. *See* O.C.G.A. § 21-2-31(5); *see also Strawser*, 307 F.R.D. at 613.

Here, named individual counties have made the same defenses to Plaintiffs'
claims. That is not happenstance; rather it is a result of their operating under the
same statutory framework. *See Strawser*, 307 F.R.D. at 613; *Nat'l Broad. Co.* at
1216-17 (non-discretionary obligation to follow election laws indicated any defenses
would be typical of the class as a whole). Certain County Defendants, including
named class representative Gwinnett County Board of Registrations and Elections,[4]
adopted various defenses and arguments from the State Defendants' Brief in Support
of Motion to Dismiss. *See e.g.*, ECF Nos. 285 at 2 (Forsyth County) (adopting State
Defendants' arguments excluding those on traceability and redressability); 291 at 2
(Lowndes County) (same); 295 at 2 (Cobb County) (same); 302-1 at 4-5 (DeKalb
County) (same); 171 at 2 (Spalding County) (same), *see also* 300 (Spalding County)
(incorporating arguments from ECF No. 171); 287 at 2 (Gwinnett County) (same);
293 at 5 (Richmond County) (same); 282 at 6 (Columbia County) (same);  289 at 3

---

[4] Gwinnett County Board of Registrations and Elections' statement that its removal
process complies with the NVRA; Macon-Bibb County, Fulton, and Richmond
defendants' affirmative defense regarding class certification, ECF No. 296 at 3-4,
ECF No. 286 at 4-5, ECF No. 292 at 3; or any county board of registrars assertion
that there are no factual allegations specifically directed at them, are not relevant to
class certification because all county boards of registrars "operate under the same
statutory framework and have the same ministerial duties[,]" *Strawser*, 307 F.R.D.
at 613. Because all plaintiffs in this consolidated case challenge Section 5 of S.B.
189 generally, any such factual differences would not interfere with the Court's
resolution of the questions raised in the Second Amended Complaint or the requested
relief. *See Jones*, No. 4:19CV300-RH/MJF, 2020 WL 5646124, at *4; *Shamblin*,
No. 8:13-CV-2428-T-33TBM, 2015 WL 1909765, at *6.

(Cherokee County) (adopting Sections I, II(A), (B) and IV(A)(B),(C) of ECF No. 283-1); 290 at 3 (Lee County) (same); 281 at 5 (Dougherty County) (same).

Many Defendants have also asserted that they lack discretion to not enforce S.B. 189, *see e.g.*, ECF Nos. 284 at 8 (Chatham County); 296 at 2 (Macon-Bibb County), 299 at 10 (Spalding County), 286 at 4 (Fulton County), 292 at 3 (Richmond County), and many reference or incorporate arguments from each other, and specifically arguments from Gwinnet County Board of Registrars, *e.g.*, ECF Nos. 301-1 at 10 (Whitfield County), 282 at 6 (Columbia County); 281 at 5 (Dougherty County); 302-1 at 4 (DeKalb County); 300 at 2 (Spalding County) (adopting arguments made by Gwinnett County Board of Registrars); 318 at 3 (Cobb County) The county boards of registrars' defenses, including those of the proposed class representative, are thus typical of the proposed class.

Moreover, while there may be some factual differences between County Defendants, such as the number and specific details of voter challenges in each county, and how each plans to administer the mailroom requirement, those differences do not weigh against class certification because there remains a "strong similarity of legal theories" in the county boards of registrars' defenses. *Appleyard*, 754 F.2d at 958. As some of the counties acknowledge, the Amended Complaint does not turn on facts specific to each County Defendant, *e.g.*, ECF Nos. 171 at 2 (Spalding County), *see also* ECF 300 (incorporating arguments from ECF No. 171)

17

(Spalding County); 176 at 1-2 (Cobb County), see also 295 (incorporating arguments from ECF No. 176-1) (Cobb County), 301-1 at 10 (Whitfield County), and any relief granted by this court applies to the entire class. *E.g.*, ECF Nos. 284 at 8 (Chatham County), 296 at 2 (Macon-Bibb County), 299 at 10 (Spalding County); *c.f.*, 309 at 7 (Columbia County) ("there is no guarantee that this Court can even give full statewide injunctive or declaratory relief when only 10.7% of counties in Georgia are represented in these claims").

In short, all members of the proposed defendant class are, like the Gwinnett County Board of Registrations and Elections, entities created by and required to enforce Georgia election law, and they are all equally bound by Sections 4 and 5 of S.B. 189. Resolution of Moving Plaintiffs' claims, therefore, will affect the entire class.

Lastly, Moving Plaintiffs seek declaratory and injunctive relief providing that no Georgia county board of registrars may enforce the challenged provisions of Sections 4 and 5 of S.B. 189. In other words, Moving Plaintiffs seek relief that is "appropriate and applicable to the defendant class as whole," *Harris*, 593 F. Supp. at 137, further establishing the typicality requirement is satisfied. No portion of the requested relief necessitates an individualized inquiry into how the boards of registrars may enforce S.B. 189. Rather, Moving Plaintiffs ask for statewide declaratory and injunctive relief against any such enforcement. Because "[t]heir

defenses arise from the same course of events" and each class member has made almost the exact same legal arguments to defend against Moving Plaintiffs' allegations, typicality is met. *Strawser*, 307 F.R.D. at 613.

### D. Adequacy of Representation

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While the commonality, typicality, and adequacy of representation requirements "tend[] to merge," *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997), the adequacy inquiry specifically "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Id*. at 625. It addresses "whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc*., 350 F.3d 1181, 1189 (11th Cir. 2003). Adequate representation does not require a "demonstrat[ion] to any particular degree" that the named party "will pursue with vigor the legal claims of the class." *Kirkpatrick v. Bradford*, 827 F.2d 718, 727 (11th Cir. 1987). Rather, only where the named party has "virtually . . . abdicated to their attorneys the conduct of the case," is adequacy in question. *Id*. at 728. Additionally, for a conflict of interest to cause a representative to be deemed so inadequate as to threaten class certification, the conflict "must be a 'fundamental' one going to the specific issues in controversy." *Valley Drug Co.*, 350 F.3d at 1189. No such conflict exists here.

In *National Broadcasting Company,* the court held that a Georgia county board of registrars, acting as a Superintendent of Elections, could serve as an appropriate class representative for other county boards of registrars where it was

> [E]mpowered with the same election law enforcement and oversight functions as every other county Superintendent of Elections in the State of Georgia. Because the . . . Board ha[d] the same duties and responsibilities as all other county Superintendents of Elections, the . . . Board, as class representative, [could] fairly and adequately protect the interests of the defendant class of Superintendents.

697 F. Supp. at 1217; *see also Kane v. Fortson*, 369 F. Supp. 1342 (N.D. Ga. 1973) (a county board of registrars was an adequate class representative for all county boards of registrars in a suit challenging the constitutionality of various Georgia elections laws). Here too, the Gwinnett County Board of Registrations and Elections has the "same duties and responsibilities" as all other Georgia county boards of registrars with respect to adjudicating voter challenges and designation as the recipient for unhoused voters' election mail and therefore can fairly and adequately protect the interests of the other county board of registrars. *Nat'l Broad. Co.*, 697 F. Supp. at 1217; *see e.g.*, ECF No. 292 at 29 (Richmond County defendants "admit that O.C.G.A. §§ 21-2-230 and 21-2-229 direct each county board of registrars to adjudicate voter registration and voter eligibility challenges"). As a result, "[w]here, as here, the legal issues as to liability are entirely common to members of the defendant class, there is little reason to fear unfairness to [the class]." *Nat'l Broad. Co.*, 697 F. Supp. at 1217. "It will often be true that, merely by

protecting his own interests, a named defendant will be protecting the class." *Id*.; *see* Part II.B.

Further, counsel for Gwinnett County Board of Registrations and Elections are adequate. Rule 23(a)(4) requires that "the class representatives' attorneys must be qualified, experienced, and generally able to conduct the litigation." *Whitaker*, No. 4:06-CV-0140-CC, 2006 WL 8553739, at *3. Gwinnett County Board of Registrations and Elections has retained the law firm of Gilbert Harrell Sumerford & Martin, P.C. and specifically Ryan Germany as counsel. Mr. Germany has substantial expertise and experience in election law and election administration in Georgia, having previously served as General Counsel for the Office of the Georgia Secretary of State for almost ten years. Declaration of C. Ryan Germany, ECF. No. 113-2 at 2, *VoteAmerica, et al., v. Raffensperger*, No. 1:21-CV-1390-JPB (May 2022). In that capacity Mr. Germany provided legal advice and guidance to all divisions of the Secretary of State's Office, including the Elections Division; he worked closely with the State Election Board, and "routinely interact[ed]" with various county election officials. *Id*. at 2-3. He has demonstrated substantial knowledge regarding the intricacies of conducting Georgia's elections and Georgia's election laws, and he is very qualified and experienced in defending them. *Id*. at 2-21. Mr. Germany, as well as other attorneys at his firm are already representing not only the Gwinnett County Board of Registrations and Elections and its members, but

also the Worth County Board of Elections and Registrations. *See* ECF 287 at 4 (Gwinnett County); ECF 294 at 7 (Worth County).

Plaintiffs have satisfied their initial burden to demonstrate adequacy of representation.

## III.    Class Certification Is Appropriate Under Rule 23(b)(1) and (2)

This Court should certify the class pursuant to Rules 23(b)(1) and (2). A class action may be maintained pursuant to Rule 23(b)(1) when "prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class[.]" Fed. R. Civ. P. 23(b)(1)(A). A class may also be maintained pursuant to Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Where a local government's "duty and obligation is to enforce Georgia laws[,]" there is "an interest in avoiding inconsistent results and obtaining guidance on the enforcement" of said law warranting class certification. *Whitaker*, No. 4:06-CV-0140-CC, 2006 WL 8553739, at *4. Indeed, in *National Broadcasting Company*, the Court specifically held that Rule 23(b)(1)(A) was satisfied where "prosecution of separate actions" against all 159 Georgia county boards of registrars

enforcing a statewide election statute "would create a serious risk of inconsistent or varied adjudications with respect to individual members of the class[,] would establish incompatible standards of conduct for plaintiffs[, and] would be at odds with the policies underlying Rule 23." 697 F. Supp. at 1217. Here, all Georgia county boards of registrars must uniformly apply O.C.G.A. § 21-2-230 and § 21-2-217 as amended by S.B. 189. Therefore, any inconsistent or varied adjudications with respect to enforcement of Sections 4 and 5 of S.B. 189, or the possibility that some counties would avoid any adjudication, would risk the inconsistent application of the election statute throughout the state, resulting in similarly situated Georgia voters being treated dissimilarly. Some County Defendants have made plain their own interest in avoiding inconsistent results and in obtaining guidance on the enforcement of S.B. 189, further indicating that class certification is proper. *E.g.*, ECF No. 296 at 30 (Macon-Bibb County), 286 at 32 (Fulton County) (obtaining guidance), 292 at 30 (Richmond County) (obtaining guidance). Therefore, class certification can be maintained under F.R.C.P. 23(b)(1).

Specifically with regard to Section 4 of S.B. 189, counties may have different policies resulting in differential treatment of unhoused voters. Some counties may require mailing addresses to be updated for registered voters more proactively than others. Some county registrar offices may accept mail, hold it, and deliver it to those voters if they visit the office while others may not keep the mail at all.

Notwithstanding that counties may adopt differing methods of administering Section 4's mailing address requirement, Section 4 applies equally to all the counties.

Additionally, "plaintiffs' action is properly brought as a class action under Rule 23(b)(2) in that the relief plaintiffs seek is identical as to each member of the defendant class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Nat'l Broad. Co.*, 697 F. Supp. at 1217. "[P]laintiffs have met the 23(b)(2) conditions" because County Defendants each will, "unless enjoined, enforce the challenged statute and rules." *Doe v. Ladapo*, No. 4:23CV114-RH-MAF, 2023 WL 8271764, at *4 (N.D. Fla. Oct. 18, 2023); *see supra* Part II.B (counties are bound to enforce O.C.G.A. § 21-2-230 and § 21-2-217 as amended by S.B. 189). If Plaintiffs prevail, the provided relief would be equal and identical as to all County Defendants performing their nondiscretionary duty to uphold the election code. A court order declaring Section 4 and 5 of S.B. 189 violates the NVRA and U.S. Constitution and enjoining all members of the proposed class from enforcing the challenged provisions of Sections 4 and 5 of S.B. 189 will ensure that Moving Plaintiffs will be granted uniform relief and that similarly situated voters across the state of Georgia will be treated alike.

## CONCLUSION

As the four prerequisites under Rule 23(a) are satisfied and class certification is appropriate under both Rule 23(b)(1) and (2), Moving Plaintiffs respectfully

request that this Court certify the proposed Defendant Class as to Counts I, II, IV,

VI, VII, VIII, IX, X, XI, and XII.

Respectfully submitted this 30th day of May, 2025,

Alice Huling*
Danielle Lang*
Valencia Richardson*
Daniel S. Lenz*
Rachel Appel*
Lucas Della Ventura*
**CAMPAIGN LEGAL CENTER**
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
ahuling@campaignlegalcenter.org
dlang@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
rappel@campaignlegalcenter.org
ldellaventura@campaignlegal.org

*Admitted Pro Hac Vice*

Katherine L. D'Ambrosio (Ga. Bar
No. 780128)
Jennifer Virostko (Ga. Bar No.
959286)
Ben Watson (Ga. Bar No. 632663)
**COUNCILL, GUNNEMANN &
CHALLY LLC**
75 14th Street, NE, Suite 2475
Atlanta, GA 30309
(404) 407-5250
kdambrosio@cgc-law.com

*/s/Caitlin May*
Caitlin May (Ga. Bar No. 602081)
Cory Isaacson (Ga. Bar No. 983797)
Akiva Freidlin (Ga. Bar No. 692290)
**ACLU FOUNDATION OF
GEORGIA, INC.**

P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
cisaacson@acluga.org
cmay@acluga.org
afreidlin@acluga.org

Julie M. Houk*
Marlin David Rollins-Boyd*
Ryan Snow*
Samantha Heyward*
Jeremy Lewis*
**Lawyers' Committee for Civil
Rights Under Law**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8600
General Fax: (202) 783-0857
jhouk@lawyerscommittee.org
drollins-boyd@lawyerscommittee.org
rsnow@lawyerscommittee.org
sheyward@lawyerscommittee.org
jlewis@lawyerscommittee.org

Neil A. Steiner*

25

jvirostko@cgc-law.com
bwatson@cgc-law.com


*Counsel for Plaintiff Secure Families Initiative*

Mara Cusker Gonzalez*
Biaunca S. Morris*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Neil.steiner@dechert.com
Mara.cuskergonzalez@dechert.com
Biaunca.morris@dechert.com

Lindsey B. Cohan*
**Dechert LLP**
515 Congress Ave. STE 1400
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
Lindsey.cohan@dechert.com

*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, and VoteRiders*

## Certificate of Compliance

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).

>                                                  */s/Caitlin May*
>                                                  Caitlin May (Ga. Bar No. 602081)
>                                                  **ACLU FOUNDATION OF
>                                                  GEORGIA, INC.**
>                                                  P.O. Box 570738
>                                                  Atlanta, Georgia 30357
>                                                  (706) 371-1171
>                                                  cmay@acluga.org

## Certificate of Service

I hereby certify that on May 30, 2025, I electronically filed the foregoing MOTION TO CERTIFY A DEFENDANT CLASS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record in this matter.

>                                                  */s/Caitlin May*
>                                                  Caitlin May (Ga. Bar No. 602081)
>                                                  **ACLU FOUNDATION OF
>                                                  GEORGIA, INC.**
>                                                  P.O. Box 570738
>                                                  Atlanta, Georgia 30357
>                                                  (706) 371-1171
>                                                  cmay@acluga.org